UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STANLEY LOFTON ) | CASE NO. 1:06 CV 1763 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CLEVELAND CITY JAIL INSTITUTION ) | AND ORDER |
| GUARD BADGE NO. 3701, et al., ) | |
| ) | |
| Defendants. ) | |

On July 20, 2006, plaintiff pro se Stanley Lofton filed the above-captioned action under 42 U.S.C. § 1983 against Cleveland City Jail Guard Badge No. 3701, Cleveland City Jail Guard Badge No. 3858, Cleveland Police Officer Fessler, Cleveland Police Officer Collier and Cleveland Police Detective Thomas Lynch.  In the complaint, plaintiff alleges he was arrested without probable cause and was physically assaulted upon his arrival at the jail.  He seeks monetary damages and injunctive relief.  Mr. Lofton also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

Mr. Lofton was arrested by Cleveland Police in the early hours of the morning on May 16, 2006.  Officers Fessler, Collier, and Lynch were called to an apartment building to investigate a report that a female tenant, Lakeita Brown, was trying to push one of her sons out of a second floor window.  The officers arrested Ms. Brown, who Mr. Lofton contends "knew I was

wanted by [my] probation officer for failing to report regarding Case No. CR-457032." (Compl. at 8.) Ms. Brown allegedly told the police that Mr. Lofton was hiding in the basement of the apartment building.[1] He claims the officers entered the basement after opening two locked doors and discovered Mr. Lofton. Mr. Lofton states he was arrested and charged with Disruption of Public Service and Domestic Violence. Mr. Lofton claims the officers did not have permission from the building's owner to search the basement and had no probable cause for his arrest.

Mr. Lofton was transported to the "city jail" and booked at 3:42 a.m. on May 16, 2006. He indicates that sometime thereafter, Institutional Guard No. 3701 and Institutional Guard No. 3858 entered his cell and physically assaulted him. He states that he was taken to St. Vincent Charity Hospital on May 17, 2006, where he was treated for "blunt chest trauma," contusions and a torn bicep muscle in his right arm. The torn muscle will require surgery to repair.

Bond was set at $ 1,000 at Mr. Lofton's arraignment in the Cleveland Municipal Court on May 18, 2006. He indicates he requested a preliminary hearing which was scheduled for May 26, 2006. He claims that on the day of his hearing, he waited for corrections officers to bring him to court. When he was not summoned, an officer made inquiries and was told that Mr. Lofton had been indicted and bound over to the Cuyahoga County Court of Common Pleas. He claims his constitutional rights were violated when he was not given a preliminary hearing. Mr. Lofton denies that he is guilty of the offenses and claims that Officers Collier, Fessler, and Lynch arrested him and charged him the crimes to prevent him from seeking criminal prosecution of Institutional Guard Badge No. 3701 and Institutional Guard Badge No. 3858. Mr. Lofton indicates in the pleading that

---

[1] Mr. Lofton does not state whether he was a lawful tenant of an apartment or how he came to be hiding in the basement of the building.

the criminal charges against him are still pending.[2]

### *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998).  Mr. Lofton's claims against Officers Collier, Fessler, and Lynch which pertain to his arrest are not challenges to the conditions of his confinement and are outside of the requirements of 42 U.S.C. § 1997e.  His claims of assault by institution guards, however, would certainly fall within the parameters of this statute.  Mr. Lofton must therefore demonstrate that he has exhausted all of his administrative remedies for these claims.

To establish that he exhausted his remedies prior to filing suit, Mr. Lofton must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the

---

[2] The Cuyahoga County Court of Common Pleas docket indicates that Mr. Lofton entered into a plea agreement in July 2006.  He pled guilty to the charge of domestic violence in exchange for the state's dismissal of the remaining charge.  Mr. Lofton was sentenced to 30 months of community control under the supervision of the Adult Probation Department.  See State of Ohio v. Lofton, Case No. CR-06-481233 (Cuyhoga Cty Ct. Com. Pl. filed May 16, 2006), www.cpdocket.cp.cuyahogacounty.us

exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Because the incident took place in a jail, it is difficult to determine what grievance procedure is available to Mr. Lofton. Unlike the State of Ohio, which has standardized its grievance process, local jails each develop their own procedure for handling inmate grievances. It is nevertheless apparent from the pleading that Mr. Lofton did not avail himself of whatever procedure was in place in the Cleveland City jail. Mr. Lofton indicates in his complaint that there is a grievance procedure in the institution but states he did not present the facts relating to the complaint through the grievance process. (Compl. at 2.) The inmate bears the burden of establishing exhaustion of administrative remedies at the time the complaint is filed. Brown, 139 F.3d at 1104. Mr. Lofton has not satisfied that burden. Consequently, his claims against Institutional Guards Badges Nos. 3701 and 3858 are dismissed without prejudice.

### *42 U.S.C. § 1983*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v.

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Lofton claims Officers Collier, Fessler, and Lynch are liable to him for damages because they filed false charges against him to keep him from pursuing the criminal actions against the guards who assaulted him in jail. He also contends that the officers are responsible for his injuries because they arrested him and transported him to the place where he was eventually injured.

As an initial matter, Mr. Lofton's first theory of liability is factually implausible. He alleges that he was arrested and charged with Disruption of Public Service and Domestic Violence to keep him from pursuing assault charges. The assault, however, occurred after his arrest and could not have been the motivation to take him into custody.

Furthermore, a claim is not cognizable under 42 U.S.C. § 1983 if a judgment on the merits of that claim would affect the validity of a conviction, unless the conviction has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The concerns of Heck apply pre-conviction as well as post conviction. Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir. 1999); see Gorenc v. City of Westland, No. 02-2456, 2003 WL 21782610 (6th Cir. July 31, 2003)(finding plaintiff's pre-trial challenge under §1983 to a speeding ticket is barred by Heck because it would necessarily imply the invalidity of the traffic

---

(...continued)
1985).

citation).[4] Mr. Lofton asserts that he was arrested without probable cause and denies that he has committed the crimes with which he is charged. Because a favorable adjudication of these claims would imply the invalidity of the pending or adjudicated criminal charges, Mr. Lofton must also demonstrate that the state criminal proceedings have been resolved in his favor. He has not done so and the claims against these officers must be dismissed pursuant to 28 U.S.C. § 1915(e).

## *Conclusion*

Accordingly, Mr. Lofton's Application to Proceed In Forma Pauperis is granted. His claims against Institutional Guard Badge No. 3701 and Institutional Guard Badge No. 3858 are dismissed without prejudice pursuant to 42 U.S.C. § 1997e. His claims against Officers Collier, Fessler, and Lynch are dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

                                               /s/Dan Aaron Polster 10/23/06
                                               DAN AARON POLSTER
                                               UNITED STATES DISTRICT JUDGE

---

[4] See also Adams v. Morris, No. 03-5413, 2004 WL 193219 (6th Cir. Jan. 29, 2003)(holding that plaintiff's § 1983 challenge to the effectiveness of his trial counsel while the state criminal proceedings were still pending to be barred by Heck); Thomas v. Pugh, No. 00-6155, 2001 WL 522437 (6th Cir. May 9, 2001)(finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by Heck); Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996)(applying Heck to pre-trial detainees); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.